UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN JOSE CORRALES LORIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FMC TECHNOLOGIES SURFACE INTEGRATED SVCS,<br><br>　　　　　Defendant. | No. 1:21-cv-01142-NONE-JLT<br><br>ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION<br><br>(Doc. No. 1) |

　　　　On June 28, 2021, plaintiff Bryan Jose Corrales Loria commenced this action by filing a complaint against his former employer, defendant FMC Technologies Surface Integrated Svcs, asserting various California state law claims. (Doc. No. 1.) The Clerk of the Court issued a summons that same day. (Doc. No. 3.) The summons has not yet been returned executed, nor has defendant appeared in this action.

　　　　In his complaint plaintiff alleges that he "was and is a resident of the County of Kern, State of California," (Doc. No. 1 ¶ 1), and that defendant "has been a foreign corporation that employed Plaintiff" in Bakersfield, California, (*id*. ¶ 2). There are no allegations concerning plaintiff's citizenship, defendant's principal place of business, or defendant's place of incorporation in the complaint. Although the complaint does not allege the basis for this court's

/////

Jurisdiction over the action,[1] the civil cover sheet filed with the complaint indicates that the case is brought by plaintiff under diversity jurisdiction. (Doc. No. 2.)

Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of the statute. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, the citizenship of an individual is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *accord Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) (holding that complaint did not allege diversity where plaintiff alleged residency, but not citizenship, of the parties). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332(c)(1).

The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction." (citing *id.*)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It may do so *sua sponte*, even before service of process. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981).

Accordingly, within fourteen days of the issuance of this order, plaintiff shall show cause in writing why this action should not be dismissed for lack of subject-matter jurisdiction. Alternatively, within fourteen days, plaintiff may file an amended complaint which contains allegations addressing the court's jurisdiction and the issues identified herein or may voluntarily

/////

/////

/////

---

[1] Under Federal Rule of Civil Procedure 8(a)(1), every pleading for a claim for relief must contain "short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]"

dismiss this case.  Plaintiff is warned that if he fails to timely comply with this order, the court may dismiss the case due to lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **August 3, 2021**                             /s/ Dale A. Drozd
                                                          UNITED STATES DISTRICT JUDGE