UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN JOSE CORRALES LORIA,<br><br>Plaintiff,<br><br>v.<br><br>FMC TECHNOLOGIES SURFACE INTEGRATED SVCS,<br><br>Defendant. | No. 1:21-cv-01142-NONE-JLT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DISMISSING FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION WITH LEAVE TO AMEND<br><br>(Doc. Nos. 5, 6) |

On August 3, 2021, plaintiff Bryan Jose Corrales Loria filed a first amended complaint ("FAC") against defendant FMC Technologies Surface Integrated Svcs for claims brought under California law. (Doc. No. 5.) On August 4, 2021, the court issued an order requiring plaintiff to show cause in writing why the complaint should not be dismissed for lack of subject-matter jurisdiction because plaintiff had not alleged his or defendant's state of citizenship. (Doc. No. 6.) On the same day, plaintiff's counsel filed a declaration in response to the order to show cause. (Doc. No. 7.) Therein, counsel apologizes to the court for not alleging facts in support of the court's subject-matter jurisdiction over this action. Although the declaration states defendant is a citizen of Colorado (its state of incorporation) and Texas (its principal place of business), that is not alleged in the complaint. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014)

1

(holding that facial attacks on subject-matter jurisdiction are resolved by looking at the allegations in the complaint and determining whether they "are sufficient as a legal matter to invoke the court's jurisdiction").

Moreover, an amended complaint must plead the diversity status of the plaintiff. For diversity purposes, the citizenship of a United States citizen is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Thus, a United States citizen domiciled in the United States is a citizen of that state. District courts also have jurisdiction over cases that meet the matter-in-controversy requirement and are between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2). Here, the only defendant named in this action appears to be a citizen of Texas and Colorado. If the amount in controversy is met, and plaintiff can allege that he is domiciled in California or that he is *not* domiciled in Texas or Colorado, diversity jurisdiction may be present. *See id.* § 1332(a).

Accordingly,

1. The order to show cause (Doc. No. 6) is DISCHARGED;
2. The first amended complaint (Doc. No. 5) is DISMISSED, for lack of subject-matter jurisdiction; and
3. Plaintiff is granted leave to file a second amended complaint within fourteen days.

IT IS SO ORDERED.

Dated:  **August 11, 2021**                              /s/ Dale A. Drozd
                                                                            UNITED STATES DISTRICT JUDGE

2